UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DERRICK LEE CARDELLO-SMITH, P162722, MDOC.#267009
SOLE-FILER AND PROBABLE CAUSE CONFERENCE LITIGATOR,
AND 33,000 MDOC PRISONERS DENIED THEIR CONSTITUTIONAL
ENTITLED TO IN-CUSTODY HEARING UNDER MCR 6.106
BETWEEN JANUARY 1, 1965 TO JANUARY 1, 2026
IMPLEMENTATION OF SETTLEMENT AGREEMENT OF 11-20-2021
CO-PLAINTIFF LAW FIRMS TO BE NAMED UPON CONFIRMATION
BY ARTICLE III COURT DESIGNATION AND APPEARANCES FOR CLASS
ACTION STATUS STATEWIDE-REGIONAL PROCESS ADMINISTRATION
OF INDIVIDUAL CRIMINAL PROBABLE CAUSE CONFERENCE HEARINGS,
890 AT KINROSS CORRECTIONAL FACILITY (KCF)
200 AT IONIA CORRECTIONAL FACILITY (ICF-IMAX)
230 AT THUMB CORRECTIONAL FACILITY (TCF)
400 AT CHIPPEWA CORRECTIONAL FACILITY(URF),
300 AT RICHARD HANDLON TRAINING UNIT (MTU)
400 AT MUSKEGON CORRECTIONAL FACILITY (MCF)
350 AT EARNEST C. BROOKS CORRECTIONAL FACILITY (LRF)
245 AT GUS HARRISON CORRECTIONAL FACILITY (ARF)
234 AT ALGER CORRECTIONAL FACILITY (LMN)
148 AT CARSON CITY CORRECTIONAL FACILITY (DRF)
167 AT SAGINAW CORRECTIONAL FACILITY (SRF)
398 AT MACOMB REGIONAL CORRECTIONAL FACILITY (MRF)
127 AT G. ROBERT COTTON CORRECTIONAL FACILITY (JCF)
33,000 TOTAL ELIGIBLE LIFERS-NON-LIFER AND LONG AND
INDETERMINATE SENTENCES CURRENTLY HELD IN CUSTODY,
    Plaintiffs-Petitioners,

Vs

PEOPLE OF THE STATE OF MICHIGAN,
83 COUNTY -IN CUSTODY ADMINISTRATORS OF MCR 6.105 (B)(G)
PROBABLE CAUSE CONFERENCE DIRECTORS,-1-1-1965 to 1-1-2026
83 COUNTY PROBABLE CAUSE CONFERENCE DIRECTORS,1-1-1965 to 1-1-2026
93 COUNTY CRIMINAL COURT ADMINISTRATORS OF MICHIGAN, 1-1-65 to 1-1-2026,
83 COUNTY CRIMINAL DISTRICT COURTS FOR MICHIGAN,1-1-1965 to 1-1-2026
83 COUNTY CRIMINAL MAGISTRATE COURTS FOR MICHIGAN,1-1-1965 to 1-1-2026
83 COUNTY CRIMINAL DISTRICT COURT JUDGES,1-1-1965 to 1-1-2026
83 COUNTY CRIMINAL MAGISTRATE DISTRICT COURT JUDGES,1-1-1965 to 1-1-2026
83 COUNTY PROSECUTING ATTORNEYS FOR MICHIGAN-1-1-1965  to 1-1-2026
83 COUNTY ASS'T PROSECUTING ATTORNEYS FOR MICHIGAN-1-1-1965 to 1-1-2026
STATE APPELLATE DEFENDERS OFFICE FOR MICHIGAN,
STATE APPELLATE DEFENDANTS OFFICE FROM 1-1-1965 to 1-1-2026
83 COUNTY EXECUTIVES FOR ALL 83 MICHIGAN COUNTIES 1-1-1965 to 1-1-2026
83 COUNTY LOWER CRIMINAL DISTRICT COURT ADMINISTRATORS,
83 COUNTY CRIMINAL DISTRICT COURT FELONY ARRAIGNMENT DIVISIONS,
93 COUNTY CRIMINAL DISTRICT COURT PRELIMINARY EXAMINATION DIVISIONS,,
83 COUNTY CRIMINAL DISTRICT COURT CLERKS OFFICERS
    Defendants-Respondents,

**FILED - GR**
December 22, 2025 12:58 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: ◯◡ /12-23

**2:25-cv-310**
**Jane M. Beckering**
**U.S. District Judge**

Case No: 2:25-cv-_____

Honorable::_____

---

Derrick Lee Cardello-Smith, #267009,
P162722 AS TO 33,000 SIMILARLY SITUATED
PRISONERS HELD IN CUSTODY CONTRARY TO
MCR 6.106 AND MCL 600.8511
Kinross Correctional Facility
4533 West Industrial Park Drive
Kincheloe, MI 40899

Dana Nessel, Michigan Attorney General
G. Mennen Williams Building
7th Floor
525 West Ottawa Street
PO Box 30212
Lansing, MI 48909

1.

COMPLAINT AND DEMAND FOR JURY TRIAL
CIVIL ACTION FOR VIOLATIONS OF FAILURE
TO PROVIDE IN-CUSTODY HEARINGS FOR ALL
CRIMINAL DEFENDANTS CRIMINAL PROCEEDINGS
UNDER MCR 6.106(B) AND (G) AND MCL 600.8511 CREATING
ENTITLEMENT TO HEARINGS FOR ALL CRIMINAL DEFENDANTS
AFTER JANUARY 1, 1962 AND BEFORE JANUARY 1, 2026 VIOLATING
INDIVIDUAL CRIMINAL DEFENDANTS 6TH AMENDMENT RIGHTS TO
EFFECCTIVE ASSIStANCE OF COUNSEL AND SPEEDY TRIAL AND
13TH AMENDMENT RIGHTS TO DUE PROCESS OF LAW AS
GUARANTEED BY STATE AND FEDERAL CONSTITUTIONS
REQUIRING REMAND HEARINGS ON EVERY CRIMINAL DEFENDANTS CASE
IN ALL 83 COUNTIES OF THE STATE OF MICHIGAN AND FULL DISMISSAL
OF ALL CONVICTIONS AND SENTENCES WITH PREJUDICE AS THEY WERE
OBTAINED CONTRARY TO MCR 6.106 AND MCL 600.8511 REQUIREMENTS

Now comes the Plaintiff, Derrick Lee Cardello-Smith, P162722, MDOC #267009, Seeking a Jury Trial, Class Action Certification, Admission to the State and Federal Court reviewing this action, and acting in the OFFICIAL CAPACITY and INDIVIDUAL CAPACITY as allowed by Federal and State Court Judicial Mandate Orders entered into the records on October 4, 2020 for the ORIGINAL 37,000 and now REDUCED 33,000 Interested Persons and Parties under applicable SUBJECT-MATTER and PERSONAL-MATTER JURISDICTION for the Defendants PEOPLE OF THE STATE OF MICHIGAN and their failyre to CONDUCT ALL CRIMINAL DISTRICT COURT REQUIRED IN-CUSTODY HEARINGS AS PART OF THE ARRAIGNMENT ON THE WARRANT/COMPLAINT AND PRIOR TO THE PROBABLE CAUSE CONFERENCE MANDATES AND ENTITLED HEARINGS AS CLEARLY PROVEN IN MICHIGAN COURT RULE 6.106 B G and Court Mandates in the above cause and hereby moves this Court to begin ARTICLE III COURT JURISDICTIONAL PROCESS and Setting ZOOM HEARINGS FOR THE ARTICLE III COURT JUDGES AUTHORITY INVOKED BY THIS PLAINTIFF-PETITIONER OF THE UNITED STATES AND STATE OF MICHIGAN, hereby Moving that the ARTICLE III COURT SECTION OF THE STATE AND FEDERAL CONSTITUTIONS ARE INVOKED, and the following process in this matter:

CENTRAL KEY ARGUMENT AND GROUNDS
AFFECTING THE CURRENT 33,000 HELD IN-CUSTODY
CONTRARY TO MICHIGAN COMPILED LAW 600.8511
AND ITS ENTITLMENT TO A HEARING REQUIREMENT
UNDER MCR 6.106 (B)( B) GOVERNING "IN-CUSTODY"
PROVISIONS AND PRISONERS RELIANCE ON COUNSEL
APPOINTED AT THE ARRAIGNMENT ON THE WARRANT
TO REPRESENT PRISONERS RIGHTS UNDER MCR 6.106
WHERE EACH CRIMINAL DEFENDANT WAS DENIED THE
EFFECTIVE ASSISTANCE OF COUNSEL TO REQUEST THE
IN-CUSTODY HEARING TO LITIGATE ALL THE ISSUES AND
EVIDENCE AS REQUIRED BY SAID MCR 6.105 B(1)(a)i(ii)(B)(b)
AS FIRST DETERMINATION BY THE COURT OF THE DEFENDANTS
CRIMINAL GUILT ANDEVIDENCE OFFERED TO JUDGE TO MAKE
DETERMINATION OF SAID GUILT AND THE FAILURE OF THE
PROSECUTORS OFFICE TO UPHOLD THIS RIGHT AND HEARING
AS REQUIRED BY CONSTITUTION 1973 ARTICLE 1 § 15 AND THE
IN-CUSTODY ENTITLEMENT TO A HEARING UNDER MCR 6.106(G)(1)(2)(a)

2.

I. DID THE PEOPLE OF THE STATE OF MICHIGAN's FAILURE TO PROVIDE THE IN-CUSTODY HEARING AS REQUIRED BY MCR 6.106(G)(2)(a)(b) WHERE DEFENSE COUNSEL FOR EACH DEFENDANT WAS REQUIRED TO SEEK THIS HEARING TO CHALLENGE ALL EVIDENCE USED TO ARRAIGN THE CRIMINAL DEFENDANT THEREY VIOLATING THE CRIMINAL DEFENDANTS 6 AND 14TH STATE AND FEDERAL CONSTITUTIONS REQUIRING REMAND BACK TO THE CRIMINAL DISTRICT COURT FOR AN IN-CUSTODY HEARING AFTER THE ARRAIGNMENT AND PROR TO THE SEND PHASED PROBABLE CAUSE CONFERENCE HEARING OF MCR 6.108 AND MCR 6.110 AND VIOLATING THE CRIMINAL DEFENDANTS RIGHTS CREATING HARMFUL ERROR AND PREJUDICE REQUIRING DISMISSAL OF THE CRIMINAL CHARGES WITH PREJUDICE OR, FULL REMAND BACK TO THE DISTRICT COURT FOR THE INDIVIDUAL CRIMINAL DEFENDANT??

Plaintiffs say Yes
Defendants have not answered

II. DID THE CRIMINAL DEFENDANTS ARRAIGNMENT ON THE WARRANT-COMPLAINT COUNSEL DEPRIVE THE DEFENDANT OF RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO REQUEST THE DISTRICT COURT TO PROVIDE THE IN-CUSTODY HEARING AS REQUIRED BY MCR 6.106(G)(2)(a)(b) WHERE DEFENSE COUNSEL FOR EACH DEFENDANT WAS REQUIRED TO SEEK THIS HEARING TO CHALLENGE ALL EVIDENCE USED TO ARRAIGN THE CRIMINAL DEFENDANT THEREY VIOLATING THE CRIMINAL DEFENDANTS 6 AND 14TH STATE AND FEDERAL CONSTITUTIONS REQUIRING REMAND BACK TO THE CRIMIAL DISTRICT COURT FOR AN IN-CUSTODY HEARING AFTER THE ARRAIGNMENT AND PROR TO THE SEND PHASED PROBABLE CAUSE CONFERENCE HEARING OF MCR 6.108 AND MCR 6.110 AND VIOLATING THE CRIMINAL DEFENDANTS RIGHTS CREATING HARMFUL ERROR AND PREJUDICE REQUIRING DISMISSAL OF THE CRIMINAL CHARGES WITH PREJUDICE OR, FULL REMAND BACK TO THE DISTRICT COURT FOR THE INDIVIDUAL CRIMINAL DEFENDANT??

Plaintiffs say yes.
Defendant have not answered.

III. DID THE CRIMINAL DEFENDANTS ARRAIGNMENT ON THE WARRANT PROSECUTING ATTORNEY DEPRIVE THE DEFENDANT OF RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO REQUEST THE DISTRICT COURT TO PROVIDE THE IN-CUSTODY HEARING AS REQUIRED BY MCR 6.106(G)(2)(a)(b) WHERE DEFENSE COUNSEL FOR EACH DEFENDANT WAS REQUIRED TO SEEK THIS HEARING TO CHALLENGE ALL EVIDENCE USED TO ARRAIGN THE CRIMINAL DEFENDANT THEREY VIOLATING THE CRIMINAL DEFENDANTS 6 AND 14TH STATE AND FEDERAL CONSTITUTIONS REQUIRING REMAND BACK TO THE CRIMIAL DISTRICT COURT FOR AN IN-CUSTODY HEARING AFTER THE ARRAIGNMENT AND PROR TO THE SEND PHASED PROBABLE CAUSE CONFERENCE HEARING OF MCR 6.108 AND MCR 6.110 AND VIOLATING THE CRIMINAL DEFENDANTS RIGHTS CREATING HARMFUL ERROR AND PREJUDICE REQUIRING DISMISSAL OF THE CRIMINAL CHARGES WITH PREJUDICE OR, FULL REMAND BACK TO THE DISTRICT COURT FOR THE INDIVIDUAL CRIMINAL DEFENDANT??

Plaintiff says Yes.
Defendants have not answered.

IV. ARE THE CURRENT 33,000 INCARCERATED CRIMINAL DEFENDANTS THAT WERE ORDERED TO STAND "MUTE" BY THE DISTRICT COURT JUDGE AND A

3.

PLEA OF NOT GUILTY ENTERED BY THE DISTRICT COURT JUDGE CONDUCTING THE ARRAIGNMENT ON THE WARRANT AND CRIMINAL COMPLAINT DEPRIVE THE DEFENDANT OF RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO REQUEST THE DISTRICT COURT TO PROVIDE THE IN-CUSTODY HEARING AS REQUIRED BY MCR 6.106(G)(2)(a)(b) WHERE DEFENSE COUNSEL FOR EACH DEFENDANT WAS REQUIRED TO SEEK THIS HEARING TO CHALLENGE ALL EVIDENCE USED TO ARRAIGN THE CRIMINAL DEFENDANT THEREY VIOLATING THE CRIMINAL DEFENDANTS 6 AND 14TH STATE AND FEDERAL CONSTITUTIONS REQUIRING REMAND BACK TO THE CRIMIAL DISTRICT COURT FOR AN IN-CUSTODY HEARING AFTER THE ARRAIGNMENT AND PROR TO THE SEND PHASED PROBABLE CAUSE CONFERENCE HEARING OF MCR 6.108 AND MCR 6.110 AND VIOLATING THE CRIMINAL DEFENDANTS RIGHTS CREATING HARMFUL ERROR AND PREJUDICE REQUIRING DISMISSAL OF THE CRIMINAL CHARGES WITH PREJUDICE OR, FULL REMAND BACK TO THE DISTRICT COURT FOR THE INDIVIDUAL CRIMINAL DEFENDANT??

> Plaintiff says Yes
> Defendants will say no.

V. DID THE 83 COUNTY PROSECUTORS BETWEEN JANUARY 1, 1962 AND JANUARY 1, 2026 VIOLATE ALL CRIMINAL DEFENDANTS THAT WERE ORDERED TO STAND "MUTE" BY THE DISTRICT COURT JUDGE AND A PLEA OF "NOT GUILTY" ENTERED BY THE DISTRICT COURT JUDGE CONDUCTING THE ARRAIGNMENT ON THE WARRANT AND CRIMINAL COMPLAINT DEPRIVE THE DEFENDANT OF RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO REQUEST THE DISTRICT COURT TO PROVIDE THE IN-CUSTODY HEARING AS REQUIRED BY MCR 6.106(G)(2)(a)(b) WHERE DEFENSE COUNSEL FOR EACH DEFENDANT WAS REQUIRED TO SEEK THIS HEARING TO CHALLENGE ALL EVIDENCE USED TO ARRAIGN THE CRIMINAL DEFENDANT THEREY VIOLATING THE CRIMINAL DEFENDANTS 6 AND 14TH STATE AND FEDERAL CONSTITUTIONS REQUIRING REMAND BACK TO THE CRIMIAL DISTRICT COURT FOR AN IN-CUSTODY HEARING AFTER THE ARRAIGNMENT AND PROR TO THE SEND PHASED PROBABLE CAUSE CONFERENCE HEARING OF MCR 6.108 AND MCR 6.110 AND VIOLATING THE CRIMINAL DEFENDANTS RIGHTS CREATING HARMFUL ERROR AND PREJUDICE REQUIRING DISMISSAL OF THE CRIMINAL CHARGES WITH PREJUDICE OR, FULL REMAND BACK TO THE DISTRICT COURT FOR THE INDIVIDUAL CRIMINAL DEFENDANT AND RELEASE FROM STATE CUSTODY??

> Plaintiff says Yes
> Defendants will say no.

VI. ARE ALL CRIMINAL DEFENDANTS ENTITLED TO THE APPOINTMENT OF COUNSEL UNDER MCR 6.106 AS PHASE #1 OF THE PROBABLE CAUSE CONFERENCE PRIOR TO PHASE 2 OF MCR 6.108, MCL 600.8511 FOR THE FAILURE TO PROVIDE THE IN-CUSTODY REQUIREMENT HEARING THAT IS CLEARLY DETAILED, THEREBY SHOWING A CONSPIRACY AND SCHEME BETWEEN ALL 83 COUNTY PROSECUTORS AND THE MICHIGAN DEPARTMENT OF CORRECTIONS TO MONETIZE THE CRIMINAL JUSTICE SYSTEM OF THE STATE OF MICHIGAN AT A DELIBERATE INTENTIOAL SACRIFICE OF THE CRIMINAL DEFENDANTS 6TH, 7, AND 14TH AMENDMENT RIGHTS TO SPEEDY TRIAL, EFFECTIVE ASSISTANCE OF COUNSEL, PROTECTIONS FROM CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS OF LAW WHERE EACH CRIMINAL DEFENDANT NOT PROVIDED THE IN-CUSTODY HEARING CONTRARY TO STATE AND FEDERAL LAW REQUIRING REVERSAL OF ALL CONVICTIONS AND SENTENCES FOR FULL REMAND AND

SCHEDULING OF THE IN-CUSTODY HEARING PROCEEDINGS REQUIRING REMAND BACK TO THE INDIVIDUAL DISTRICT COURT?

Plaintiff says yes.

Defendants have not answered.

VII. IS IT CRUEL AND UNUSUAL PUNISHMENT WHERE DURING THE TIME FRAME OF JANUARY 1, 1982 THROUGH JANUARY 1, 2026 ALL CRIMINAL DEFENDANTS DENIED THE ENTITLEMENT TO HEARING OF THE IN-CUSTODY UNDER MCR 6.106 AS PHASE #1 OF THE PROBABLE CAUSE CONFERENCE PRIOR TO PHASE 2 OF MCR 6.108, MCL 600.8511 FOR THE FAILURE TO PROVIDE THE IN-CUSTODY REQUIREMENT HEARING THAT IS CLEARLY DETAILED, THEREBY SHOWING A CONSPIRACY AND SCHEME BETWEEN ALL 83 COUNTY PROSECUTORS AND THE MICHIGAN DEPARTMENT OF CORRECTIONS TO MONETIZE THE CRIMINAL JUSTICE SYSTEM OF THE STATE OF MICHIGAN AT A DELIBERATE INTENTIOAL SACRIFICE OF THE CRIMINAL DEFENDANTS 6TH, 7, AND 14TH AMENDMENT RIGHTS TO SPEEDY TRIAL, EFFECTIVE ASSISTANCE OF COUNSEL, PROTECTIONS FROM CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS OF LAW WHERE EACH CRIMINAL DEFENDANT NOT PROVIDED THE IN-CUSTODY HEARING CONTRARY TO STATE AND FEDERAL LAW REQUIRING REVERSAL OF ALL CONVICTIONS AND SENTENCES FOR FULL REMAND AND SCHEDULING OF THE IN-CUSTODY HEARING PROCEEDINGS REQUIRING REMAND BACK TO THE INDIVIDUAL DISTRICT COURT?

Plaintiff says yes.

Defendants have not answered.

VIII. ARE THE TAXPAYERS OF THE STATE OF MICHIGAN FROM JANUARY 1, 1962 THROUGH JANUARY 1, 2026 ENTITLED TO BE CONPENSATED BY THE GOVERNMENT OF THE STATE OF MICHIGAN WHERE THE TAXPAYERS RELIED UPON THE 83 COUNTY PROSECUTORS AND OFFICIALS TO PROVIDE THE CRIMINAL DEFENDANTS THEIR IN-CUSTODY HEARING UNDER MCR 6.106G)(1)(2)(a)(b) AND THE FAILURE TO PROVIDE THE CRIMINAL DEFENDANTS WITH SAID ENTITLED HEARINGS WAS THEFT AND FRAUD OF THE PUBLIC MONIES REQUIRING THE STATE OF MICHIGAN TO REIMBURSE THE TAXPAYERS IN THE AMOUNT OF _280 BILLION (TWO-HUNDRED EIGHTY-BILLION DOLLARS)_ AFTER DEFRAUDING THE TAXPAYERS AND CITIZENS OF THE STATE OF MICHIGAN BY ACCEPTING TAX DOLLARS FOR A REQUIRED ACT EACH DEFENDANT WAS ENTITLED TO AND FAILING TO PROVIDE IT, CONTRARY TO MICHIGAN COMPILED LAW REQUIRING FULL PAYMENT BACK TO THE TAXPAYERS AFTER BREACH OF PUBLIC TRUST?

Plaintiffs say yes

Defendants will say no.

The THEFT and SCHEME that has been perpetuated upon the Public is very simple and clear.

The 83 County Corporations at the Executive Level, are required to use and maintained their Budget.

A Part of their budget funds the Criminal District Courts and the Prosecutors Office for each county.

The Prosecutors Office is required to ensure that Each Citizen is afforded the Constitutional rights identified in Const.1963 Article 1 § 15 covering MCR 6.106(B)(G) which mandate requires and expressly states the following clear language for all criminal defendants in any Lower District Court Proceeding.

*Entitlement to a Hearing.* A court having jurisdiction over a defendant may conduct a Custody Hearing if the defendant is being held in custody pursuant to subrule (B)m *AND A CUSTODY HEARING IS REQUESTED BY EITHER THE DEFENDANT OR THE PROSECUTOR."*

*Teh purpose of the hearing is to permit the ¼ARTIES TO LITIGATE OF THE ISSUES RELEVANT TO CHALLENGING OR SUPPORTING A CUSTODY DECISION PURSUANT TO CUSTODY DECISION PURSUANT TO SUBRULE (B).*

*(2) HEARING  HEARING AT THE CUSTODY HEARING THE DEFENDANT IS ENTITLED TO BE PRESENT AND BE REPRESENTED BY A LAWYER AND THE DEFENDANT AND THE PROSECUTOR ARE ENTITLED TO PRESENT WITNESSES AND EVIDENCE, TO PROFFER INFORMATION, AND TO CROSS-EXAMINE EACH OTHERS WITNESSES."*

This is a hearing that is GUARANTEED BY THE CONSTITUTION, and IT WAS NOT DONE FOR ANY CRIMINAL DEFENDANT EVER IN THE HISTORY OF THE STATE OF MICHIGAN AND WAS REQUIRED TO BE DONE.

The failure to do so, did in fact violate this Defendant and EVERY SINGLE DEFENDANTS CONSTITUTIONAL RIGHTS DURING THE TIME FRAME OF JANUARY 1, 1962 THROUGH JANUARY 1, 2026.

teh way that Lower Criminal District Courts of the State of Michigan have been able to stop this due process right from occurring is simple as well and has been right in front of the face of every single criminal defendant since the 1962 Start and Continued Enaction of this State Law and Constirtutionally Protected Mihcigan Rule of COurt and Right,

"At the arraignment on the Warrant and the Complaint of a criminal defendant and criminal charges, the defendant is made to REMAIN SILENT and the COURT ENTERES A PLEA OF NOT GUILTY and SAYS THAT THE DEFENDANT WILL "STAND MUTE".
Meanwhile a Court APpointed LAwyer is Standing right by the side of the Criminal Defendant and he says NOTHING WHATSOEVER.
His job was to REQUEST A CUSTODY HEARING UNDER MCR 6.106(B)(G) and He failed to do so.
The criminal defendant, trusting and relying upon That Counsel, does not know that this hearing is to take place, and instead, is forced to TRUST HIS COUNSEL TO BE EFFECTIVE and then he goes to the PRELIMINARY EXAMINATION.

The failure of counsel to SPEAK, ACT, COMPLY, ASSERT, OR REPRESENT THE DEFENDANT OR INVOKE THE PROVISIONS OF MCR 6.106 (B)(G) IS IN FACT INEFFECTIVE ASSISTANCE OF COUNSEL DEPRIVING THE CRIMINAL DEFENDANT OF HIS CONSTITUTIONAL RIGHT UNDER CONSTITUTION 1963 ARTICLE 1 § 15 AS DETAILED IN MICHIGAN COMPILED LAW 600.8511 AS EACH AND EVERY SINGLE CRIMINAL DEFENDANT HAD A RIGHT TO BE CONDUCTED AND WAS NOT DONE THEREBY VIOLATING EACH DEFENDANTS 6TH, and 14TH AMENDMENT RIGHT TO SPEEDY TRIAL, EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS, WHERE EACH DEFENDANTS LIBERTY WAS TAKEN FROM HIM AND OR HER CONTRARY TO STATE AND FEDERAL LAW REQUIRING REVERSAL.

Has each defendant been given this hearing, IT WOULD HAVE RESULTED IN EITHER DISMISSAL, REDUCTION OR OTHER ACTIONS OF THE CRIMINAL CHARGES AND OFFENSE FOR WHICH EACH DEFENDANT WAS UNCONSTITUTIONALLYAND IT IS COMPLETE PREJUDICE AGAINST EACH DEFENDANT RESULTING IN THE GOOD CAUSE FOR FAILING TO RAISE THE ISSUE AS THAT EVERY SINGLE CRIMINAL DEFENSE ATTORNEY WAS REQUIRED TO BRING THIS ISSUE UP AND HAS FAILED TO DO SO.

Every Single criminal trial and appeal lawyer has faile dto raise this issue up in every criminal appeal filed before every level of government.

Every single Lawyer at SADO has failed to bring this issue up criminalin every single criminal appeal filed before every level of government.

The times of these CRIMINAL DEFENSE LAWYERS FAILURE TO RAISE THIS ISSUE UP IS IN FACT JANUARY 1, 1962 THROUGH JANUARY 1, 2026.

EVERY CONVICTION EVER ALLOWED UNDER A JURY TRIAL, BENCH TRIAL, PLEA OF GUILTY, OR PLEA OF NO CONTEST FROM JANUARY 1, 1962 THROUGHOUT JANUARY 1, 2026 IS ILLEGAL, VOID, UNCONSTITUTIONAL, WITHOUT MERIT, WITHOUT JURISDICTION AND MUST BE VACATED BECAUSE OF THE FAILURE TO CONDUCT THE HEARINGS IN ACCORDANCE WITH MCR 6.106 BG and MCL 600.8511.

ALL CRIMINAL DEFENDANTS ARE ENTITLED TO BOND PENDING THIS ISSUE.

ALL CRIMINAL DEFENDANTS CANNOT BE TRIED TWICE FOR THE SAME CRIME N THE GROUNDS OF DOUBLE JEOPARDY.

ALL CRIMINAL DEFENdANTS WERE ENTITLED TO AN UNBIASED DISTRICT COURT JUDGE AS REQUIRED BY MCR 2.003 AND WERE NOT GRANTED THAT BECAUSE OF THE FAVORTISM SHOWN TO THE PROSECUTORS AND THE DEFENDANTS LAWYERS SIMPLY STANDING QUIETLY WHILE THIS VIOLATION OCCURRED ON A DAILY BASIS FOR DECADES BEGINNING IN JANUARY 1, 1962 and CONTINUING THROUGHOUT THE DATE OF THIS WRITING.

1. Article III Court Jurisdiction Invocation under <u>Whitmore v. Arkansas</u>.

2. Schedule Formal Public Hearing to Accept the Plaintiffs Picks for the Law Firms to aid and assist with the Implementation of the Probable Cause Conference Hearings to be conducted in the CRIMINAL DISTRICT COURTS for ALL CRIMINAL CASES BEGINNING IN JANUARY 1, 1965 THROUGH JANUARY 1, 2026.

3.. Implementation of the Requirement of Probable Cause Conference Hearings for the Similarly Situated 33,000 Prisoners denied a Probable Cause Conference Hearing under MCR 6.106 AND MCL 600.8511 that was in existence PRIOR TO JANUARY 1, 2026 As Proven by Many Criminal Court Cases Showing Criminal Defendants were Given Probable Cause Conference Hearings Prior to January 2026 as their due process rights were afforded to them and others in Michigan.

4. Implementation for the Plaintiff Derrick Lee Cardello-Smith to Specifically Nominate the PROVEN LAW FIRMS AND ATTORNEYS OF THE MICHIGAN STATE BAR that have Always upheld the HIGHEST ETHIC AND PROFESSIONAL STANDARDS OF THE MICHIGAN STATE BAR.

5. Implementation of the Agreement Reached in Between the Parties of the OFFICE OF THE MICHIGAN ATTORNEY GENERAL, THE 83 COUNTY PROSECUTORS REPRESENTATIVE WAYNE COUNTY PROSECUTOR KYM. L. WORTHY, THE MICHIGAN DEPARTMENT OF CORRECTIONS, AND PLAINTIFF, DERRICK LEE CARDELLO-SMITH AS GRANTED ON DIRECT ARTICLE III COURT REVIEW AFTER IT WAS ORIGINALLY DENIED IN CARDELLO-SMITH v. PROBABLE CAUSE CONFERENCE DIRECTOR, ET AL CASE NO 1:21-cv-00794 OCTOBER 4, 2021 and now ENFORCED BY THE ARTICLE III COURT'S ACCEPTANCE OF THE STATE COURT AGREEMENT.

6. Plaintiff also Invokes the RIGHT TO ORAL ARGUMENTS ON EACH INDIVIDUAL CURRENT PRISONER AND PAST CRIMINAL DEFENDANT CURRENTLY HELD IN THE CUSTODY OF THE MDOC IN THEIR OWN CRIMINAL CASE IN THEIR RESPECTIVE CRIMINAL DISTRICT COURT.

7. Plaintiff WILL ARTICULATE ALL THE GROUNDS FOR THE INDIVIDUAL PRISONERS AND CRIMINAL DEFENDANTS BEING GIVEN THEIR RESPECTIVE PROBABLE CAUSE CONFERENCE THEY WERE ORIGINALLY ENTITLED TO IN THEIR ORIGINAL CRIMINAL DISTRICT COURT APPEARANCES AFTER THEIR ARRAIGNMENT ON THE CRIMINAL WARRANT AND COMPLAINT AND PRIOR TO THEIR PRELIMINARY EXAMINATION REGARDLESS OF IT BEING WAIVED OR HELD.

8. Plaintiff invokes the Agreed upon BOND SETTLEMENT TO BE PROVIDED TOWARDS THE APPEAL BONDS OF THE SELECTED LIFERS AND HIGH NUMBERED MINIMUM SENTENCE PRISONERS AND PAROLABLE LIFERS AND THOSE SPECIFICALLY CHOSEN BY THE PLAINTIFF PETITIONER for RELEASE ON BOND PENDING ANY APPEAL CHOSEN BY THE DEFENDANT-RESPONDENTS.

9. Plaintiff will specifically have the Article III Court GRANT THE AUTHORITY TO BE PROVIDED TO THE LAW FIRM AND OR LAW FIRMS CHOSEN BY THE PLAINTIFF CARDELLO-SMITH TO ASSIST IN THE PROCESS OF THE NOTICES OF APPEARANCES ON THE CRIMINAL DOCKETS FOR THOSE 33,000 MDOC PRISONERS AND THEIR PROBABLE CAUSE CONFERENCE HEARINGS IN THEIR INDIVIDUAL RESPECTIVE DISTRICT COURTS.

9. Plaintiff will specifically have the Article III Court GRANT THE AUTHORITY TO BE PROVIDED TO THE INDIVIDUAL STATE BAR OF MICHIGAN LAWYER, CHOSEN BY THE PLAINTIFF CARDELLO-SMITH TO ASSIST IN THE PROCESS OF THE NOTICES OF APPEARANCES ON THE CRIMINAL DOCKETS FOR THOSE 33,000 MDOC PRISONERS AND THEIR PROBABLE CAUSE CONFERENCE HEARINGS IN THEIR INDIVIDUAL RESPECTIVE DISTRICT COURTS.

10. Plaintiff will specifically have the Article III Court GRANT THE AUTHORITY TO BE PROVIDED TO THE PLAINTIFFS INDIVIDUALLY SELECTED CO-PRISONERS TO AID IN BEING EMPLOYED BY THE MDOC TO WORK DIRECTLY WITH THE PLAINTIFF AT THE ORIGINAL MDOC PRISON FACILITY FOR IMPLEMENTATION OF THIS AGREEMENT AND PROBABLE CAUSE CONFERENCE REMAND HEARINGS.

11. Plaintiff understands that there were originally 37,000 Prisoners when this case begin in 2020 and that due to the 13,000 PRISONERS WHO DECIDED TO MAKE THEIR OWN CHOICES TO FILE THEIR OWN ACTIONS NONE OF WHICH WERE GRANTED BY ANY JUDGE IN THE STATE OF MICHIGAN, RESULTING IN THEM BEING

8

PROCEDURALLY BARRED and THEIR CHOICE TO FOLLOW THE ADVISE OF OTHERS NOT INVOLVED IN THE INNER NEGOTIATIONS OF THIS CASE, THAT TOTAL HAS BEEN REDUCED TO 33,000 And Plaintiff states that IT IS BY THEIR OWN CHOICE and Plaintiff still WILL ALLOW THE WRIT OF HABEAS CORPUS AND SETTLEMENT AGREEMENT to BE AVAILABLE TO THOSE THAT HAVE ACTED ON THEIR OWN AND BEEN PROCEDURALLY BARRED BY THEIR OWN ACTIONS....However, THIS WILL ONLY APPLY TO THOSE PRISONERS UPON THE FULL AND FINAL RELEASE OF THE 33,000 PRISONERS WHO HAVE WAITED PATIENTLY AND STOOD BY THIS PLAINTIFF-PETITIONER AND DID NOT GO THEIR OWN WAY AS THE 13,000 Did and THOSE PRISONERS WILL HAVE TO WAIT BUT THEY WILL GET THEIR RELIEF ONLY AFTER THE FULL RELEASE OF THE 33,000.

12. Plaintiff also seeks a hearing directing that the Agreement for THE MICHIGAN DEPARTMENT OF CORRECTIONS CENTRAL TIME AND COMPUTATION UNIT to Meet with the Plaintiff-Petitioner for FULL IMPLEMENTATION OF THE NEW POLICE DIRECTIVE AND OPERATING PROCEDURE FOR THE APPLICATION OF ALL 33,000 MDOC PRISONERS AND THEIR RIGHTFUL PROBABLE CAUSE CONFERENCE HEARINGS and to CEASE ALL FURTHER COMPUTATIONS OF THEIR SENTENCE AUDITING UNTIL ALL CTCU RECORDS OFFICE ANALYSTS HAVE COMPLETED THE PROCESS OF THE BOND PENDING APPEAL AND RELEASE OF THOSE SELECTED BY PLAINTIFF DERRICK LEE CARDELLO-SMITH.

13. Plaintiff further will seek to have the ARTICLE III COURT IMPLEMENT THE PROVISIONS OF NO IN COURT APPEARANCES FOR THE CRIMINAL DISTRICT COURTS AND REQUIRE THE MDOC TO MAKE EACH PRISONER AVAILABLE FOR ALL COURT APPEARANCES TO BE CONDUCTED ON THE COURTS APPROVED POLY-COM and ZOOM FOR VDEOCONFERENCES AS ALLOWED UNDER MICHIGAN COURT RULE 6.006 "C" DEFENDANT IN COURT ROOM FOR OTHER PROCEEDINGS.

14. Plaintiff further invokes the SPEEDY TRIAL RIGHT UNDER MCR 6.004(B)(2).

15. Plaintiff invokes the right to. HAVE ALL HEARINGS AND COURT APPEARANCES SEALED AND OR MADE AVAILABLE TO PUBLIC VIEWING and PLAINTIFF ELECTS TO HAVE THEM ALL MADE PUBLIC.

16. Plaintiff invokes the rights to NOT HAVE A CRIMINAL DEFENDANTS CONVICTION HELD AGAINST HIM WHEN THE PROBABLE CAUSE CONFERENCE HEARING IS SCHEDULED UNDER THE GROUNDS THAT DOUBLE JEOPARDY PREVENTS ANY PERSON FROM BEING TRIED TWICE FOR THE SAME CRIME.

17. Plaintiff requires the ARTICLE III COURT to ENJOIN PERMANENTLY THE MICHIGAN DEPARTMENT OF CORRECTIONS FROM INTERFERING, IMPEDING, BLOCKING, DELAYING, OR ANY OTHER ACTION THAT STOPS THESE HEARINGS FROM TAKING PLACE, AND SPECIFICALLY TO PREVENT THE CONTINUED HARASSMENT AND TRANSFER OF THIS PLAINTIFF TO DIFFERENT FACILITIES IN MUSKEGON AND IONIA COUNTIES AS WAS DONE ON MARCH 28, 2024 TO INTERFERE WITH AND PREVENT THE FIRST ORIGINALLY SCHEDULED HEARINGS O APRIL 3, 2024.

18. Plaintiff moves the Article III Court to Implement the UNSEALED ORDERS AND SEALED ORDERS ENTERED INTO ON FEBRUARY 13, 2024 IN WAYNE COUNTY ON

9.

THE DISMISSAL WITHOUT PREJUDICE AND GRANTING OF THE WAIVER OF LIABILITY TO THE DEFENDANTS AND THEIR IMMUNITY OF THE PROSECUTORS OFFICE. THIS WAIVER DOES NOT APPLY TO THE INDIVIDUAL POLICE AGENCIES, THE SHERIFFS DEPARTMENTS THAT HOUSED THE CRIMINAL DEFENDANTS DURING THEIR TRIALS, THE COUNTY OFFICIALS THAT PROSECUTED THEM IN THEIR OFFICIAL CAPACITY AND DOES NOT APPLY TO THE STATE OF MICHIGAN.

19. This ARTICLE III COURT ACTION DOES NOT APPLY TO ANY POST RELEASE ACTIONS FOR STATE OR FEDERAL LITIGATION CHOSEN BY THE PLAINTIFFS ON BEHALF OF THE CRIMINAL DEFENDANTS.

20. ANY CRIMINAL DEFENDANT WHO PARTICIPATED IN A PLEA OF GUILTY OR NO CONTEST SHALL BE ALLOWED APPEAL BOND AS THAT THE FAILURE TO GRANT THE PROBABLE CAUSE CONFERENCE HEARING TO THOSE DEFENDANTS REMOVED JURISDICTION FROM THE CIRCUIT COURT TO ENTERTAIN OR ACCEPT A PLEA OF GUILTY OF NO CONTEST.

21. Plaintiff further MOVES THE COURT TO UNSEAL THE NAMES OF THE 1129 PRISONERS THAT WERE GRANTED PROBABLE CAUSE CONFERENCE HEARINGS IN ALL 83 MICHIGAN COUNTIES FROM JANUARY 1, 1965 THROUGHOUT JANUARY 1, 2026 REMOVING THE CLAIM THAT IT WAS ONLY FOR THOSE AFTER JANUARY 1, 2026 IN THE INTEREST OF EQUAL PROTECTION OF LAW AND DUE PROCESS.

22. Plaintiff further moves the ARTICLE III COURT TO ALLOW A PUBLIC HEARING ON THE PLAINTIFFS BEGINNING RELEASE OF THE FIRST 2 PRISONERS, 12 PRISONERS, 27 PRISONERS, AND THEN THE FULL 5,000 PRISONERS AND THEN THE FINAL 33,000 MDOC PRISONERS AND THEN, THE SELF-REMOVED, SELF-PROCEDURALLY BARRED, SELF-SERVING 13,000 PRISONERS FOR THEIR RIGHTFUL RELIEF SOUGHT AND GRANTED BY THIS PLAINTIFF AND COURT.

23. Plaintiff moves the ARTICLE III COURT TO CONDUCT THE NECESSARY HEARING ON THE MANY THOUSANDS OF PRISONERS THIS PLAINTIFF HAS BEEN SELECTED TO HAVE ATTACH THE INDIVIDUAL HABEAS CORPUS TOO AND PRESERVES THEIR INTEREST AS NEXT FRIEND AS THAT PLAINTIFF HAS ACTED ON THEIR BEHALF FOR ALMOST 5 YEARS AND HAS EARNED IT.

24. Plaintiff invokes the FEDERAL BAR NUMBER PROVISIONS OF THE STATE OF MICHIGAN BAR ASSOCIATION OF P162722 as granted in the state case of DERRICK LEE CARDELLO-SMITH v. MICHIGAN BOARD OF LAW EXAMINERS, that was LOST AND SETTLED ON APPELLATE REVIEW AND GRANTED BY ARTICLE III COURTS JUDICIAL FAVOR AND GRACE FOR PROCESSING, FILING AND MEETINGS WITH OFFICIAL ATTORNEY PRIVILEGES.

25. Plaintiff further invokes the ARTICLE III COURT INJUNCTION AGAINST THE MICHIGAN STATE APPELLATE DEFENDERS OFFICE FOR THEIR DELIBERATE, MALICIOUS, MISLEADING, UNLAWFUL REPORTING IN 2024 WHEN THEY ISSUED A WRITTEN ARTICLE DECLARING THAT THE FAILURE TO HOLD A PROBABLE CAUSE CONFERENCE DOES NOT ENTITLED ANY DEFENDANT TO A RELEASE FROM PRISON AND WHEN THEY FALSELY CLAIMED THAT THE PLAINTIFF LOST A CASE BY THEM ONLY CITING ONE CASE AND NOT ALL THE CASES THAT THE PLAINTIFF HAS WON AND WERE SEALED AND WHERE THE SADO STAFF KNOWINGLY PRINTED FALSE INFORMATION TO DECEIVE THE MEMBERS OF THE PUBLIC

10.

BECAUSE THEY KNEW THEY HAD FAILED EVERY SINGLE CRIMINAL DEFENDANT WHEN THEY DID THOSE DEFENDANTS APPEALS AND NEVER RAISED THE ISSUE.

26. Plaintiff further states that the SADO STAFF ATTEMPTED TO COVER FOR THEMSELVES LEGALLY WHEN THEY SAID THAT "IT CAN BE GRANTED IN THE RAREST CASES" AND DID NOT SAY WHAT CASE IT WAS AND IN FACT, DID NOT WANT TO CITE THAT THIS PLAINTIFFS CASE IS THE CASE, BECAUSE SADO WAS ANGRY THAT PLAINTIFF DID NOT CHOOSE TO WORK WITH THEM.

27. Plaintiff further moves the Court to SEAL ALL RECORDS UNTIL THE FIRST HEARINGS ARE COMMENCED.

## RELIEF SOUGHT

Plaintiff prays the COURT WILL GRANT A JURY TRIAL DEMAND ON THIS CIVIL ACTION AND SCHEDULE SAID HEARINGS AND BEING THE PROCESS AS REQUIRED BY MCR 6.107BG, ORDER THAT MICHGAN LAW HAS BEEN VIOLATED DEPRIVING CRIMINAL DEFENDANTS OF THIS RIGHTFUL HEARING,ORDER THE REMAND OF ALL CURRENT 33,000 MDOC PRISONERS BACK TO THEIR INDIVIDUAL CRIMIAL DISTRICT COURTS OF THE 83 COUNTIES, ORDER THE RETURN OF THE OVER 200 BILLION DOLLARS STOLEN BY MICHIGAN GOVERNMENT AND DEFENDANTS IN THIS VAST SCHEME AND GRANT ANY RELIEF THIS COURT DEEMS NECESSARY AND APPROPRIATE.

Respectfully Yours,

December 16, 2025

Mr. Derrick Lee Cardello-Smith P162722
MDOC #267009
Probable Cause Conference Litigator
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

11.

Derrick Lee Cardello Smith
#267009
Kinross Correctional Facility
4533 West Industrial Park Drive
Kinchehoe, MI 49788

Mailed on 12-16-25

Clerk of the Court
United States District Court
Civil Case Processing Section
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503